67    289
61a 538

SCOTT *et al., Plaintiffs in Error* v. ROBARDS.

1   **Pleading**: MISJOINDER OF CAUSES OF ACTION: DEED OF TRUST: DAMAGES. In an action by the grantors in a deed of trust against the trustee and the holder of the notes secured by the deed, for refusing to release the lands covered by the deed after the payment of the notes, the petition stated that the plaintiffs were thereby prevented from selling the lands at remunerative prices, and in the meantime they had greatly depreciated in value, to plaintiffs' damage $1000; that owing to the existence of this apparent incumbrance, plaintiffs were unable to meet their pecuniary liabilities, so that judgments were obtained against them, and the lands were sold under executions at a sacrifice, to plaintiffs' damage $500; and further, that by virtue of the statute defendants had become liable to pay plaintiffs ten per cent. on the amount of the notes. There was but one prayer for judgment, and that was for the aggregate sum of the damages and the penalty. On demurrer to this petition for misjoinder of causes of action, *Held*, that the claims for damages constituted one cause of action, and the claim for the penalty another, and they should have been set out in separate counts.

2.   **Pleading**. All the facts which constitute a cause of action must be stated. It is not sufficient that some facts are stated from which others may reasonably be inferred which would make out a cause of action.

*Error to Chariton Circuit Court.*

*S. P. Huston* and *G. W. Easley* for plaintiffs in error.

There are not three counts or causes of action set out in the petition. There is only one—the failure to release. The pleader confounds cause and effect. The cause is the failure to release; the effect is damages, three items of which are set out in the petition—one the statutory damage, the other two what are termed special damages, which must be set out in the petition or they cannot be recovered. If A should wrongfully throw down B's fence, that would be a complete and perfect cause of action; but if thereby cattle entered B's field and destroyed his crop, B would be required to allege that fact in order to entitle him to recover for the destruction of his crop. Yet no lawyer would pretend to say that such allegation of special damage would be the statement of a new or different cause of action. The ten per cent. fixed by the statute is expressly made one item of damages; other damages are allowed to be proven. In no case is a party permitted to split up his cause of action; he could not sue at one time for one item of damages, and again for another, and so on indefinitely. If the theory upon which this demurrer was sustained be correct, then a party can bring as many suits upon the same original cause of action as there may be items of special damage arising therefrom; for if they must be incorporated in different counts, they must, each independent of the other, constitute a complete and perfect cause of action, and a judgment in one action for one item of damages would be no bar to other suits upon the same original cause of action for other damages flowing therefrom. Such a theory is untenable.

*A. W. Mullins* for defendant in error.

The three alleged causes of action are separately stated in the petition, but there is no separate prayer or demand for the relief sought. The demurrer was, therefore, in

that regard, well taken.   2 Wag. Stat., 1013, § 3;  *Clark v. H. & St. Jo. R. R. Co.*, 36 Mo. 202;  *Robinson v. Rice*, 20 Mo. 229;  *Doan v. Holly*, 25 Mo. 357;  *McCoy v. Yager*, 34 Mo. 134;  *Linville v. Harrison*, 30 Mo. 228.   Waiving the question whether payment should have been made to the trustee, we claim that the petition is not good as against Helm, because there is no averment that he knew of the payment.

HENRY, J.—The petition in this case alleges that plaintiffs were indebted to John B. Helm by notes amounting, in the aggregate, to $7,000; and, on the 21st day of March, 1867, in order to secure their payment, they executed and delivered to defendant, Robards, as trustee, a deed of trust conveying for that purpose a large number of town lots in Brookfield, Linn county, Mo., (describing them particularly;) that after said notes became due, they paid the principal and interest to said Robards, and on the 1st day of May, 1872, they duly tendered to said Robards and Helm the cost of acknowledging satisfaction of said deed upon the record, or making and executing a sufficient deed of release of said deed of trust, and demanded of them the execution of a release of said deed of trust; that said Robards and Helm, and each of them refused to do so for more than thirty days after such tender and demand, and that since said Helm has departed this life, and that Robards and Johnson are the executors of his last will, &c.; that neither defendant nor the said Helm delivered to defendant a deed of release of said deed of trust, or released it upon the record, until the 15th day of July, 1874; and that, during all that time it appeared as an incumbrance upon plaintiffs' land, which they allege they held for sale, and prevented them from making sale to persons, who would otherwise have purchased portions of said lands at remunerative prices, but that, before said deed of trust was released, the lands greatly depreciated in value, and they were damaged to the amount of one thousand dol

lars. They further state that, by reason of the failure to enter satisfaction of said deed of trust, plaintiffs were unable to sell or raise money on said land to meet their pecuniary liabilities, and that, as a consequence, they were sued, and judgment obtained against them, and these lands sold on execution issued on said judgment; and, by reason of said apparent incumbrance, they were sold at a sacrifice, to their damage $500. They further state that by virtue of the statute defendants are liable to them, in addition to the foregoing sums, in the sum of ten per cent. on the amount of said indebtedness secured by said deed of trust, amounting to $700, and ask judgment for the twenty-two hundred dollars.

To the petition defendants demurred, alleging, 1st, that the petition did not state facts sufficient to constitute a cause of action; 2nd, that several causes of action were improperly united; 3rd, that there were three causes of action set up in said petition, in each of which damages were claimed, while there was but one prayer for relief.

The first two sub-divisions of the petition are actions at common law, whether denominated one or three counts, the damages claimed in consequence of the refusal to enter satisfaction of the deed of trust are recoverable, if at all, at common law. The third sub-division proceeds for a penalty prescribed by the statute. There are no separate counts, but three sub-divisions of one count, and there are clearly two causes of action joined in one count. It is no answer to this, that the precise facts which constituted the common law cause of action, also constitute the cause of action under the statute. In the one case the recovery is limited to the penalty—in the other, to the actual damages sustained, which might be greater or less than the penalty given by the statute.

Again, it is not alleged when the notes became due, or when they were paid. It is alleged that, after the notes became due, they were paid off to Robards, and that in May, 1872, plaintiffs tendered to Robards and Helm

the costs of acknowledging satisfaction of the trust deed. Was this before, or after, the maturity of the notes; before or after the notes were paid off? It might be inferred that it was after. It might be argued that plaintiffs would not have been guilty of the folly of tendering the costs, and demanding an entry of satisfaction of the deed before the payment of the notes, but the facts which constitute plaintiffs' cause of action must be alleged, and the court should not be left to infer unpleaded facts; neither is it alleged that Helm knew, or was informed, that Robards had received the money on the notes. Certainly, in the absence of such an averment, it will not be seriously contended that a cause of action was stated against him. The judgment of the court sustaining the demurrer is affirmed. All concur.

AFFIRMED.